# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 13, 2011

No. 10-50949
Summary Calendar

Lyle W. Cayce
Clerk

JAIME QUINTERO,

Petitioner-Appellant

v.

Warden BOBBY THOMPSON,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:10-CV-67

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Jaime Quintero, federal prisoner # 37002-053, was convicted in an Arizona federal court of charges relating to a cocaine conspiracy and was sentenced to life in prison; the sentence was later reduced to 360 months. The district court dismissed his 28 U.S.C. § 2241 petition on the basis that Quintero's claims must be brought via 28 U.S.C. § 2255, and Quintero failed to show that § 2255 relief was inadequate or ineffective for purposes of the § 2255 savings clause.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Quintero now seeks a certificate of appealability (COA), leave to proceed in forma pauperis (IFP), and appointment of counsel.

Quintero does not require a COA to appeal because he is proceeding pursuant to § 2241. *See Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005). Thus, his motion for a COA is denied as unnecessary.

Quintero's IFP motion is construed as a challenge to the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry is limited to whether his "appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Quintero's claims all relate to his conviction and sentence and do not come within the narrow confines of the savings clause, which is limited to a claim (1) that is based on a retroactively applicable Supreme Court case establishing that he may have been convicted of a nonexistent offense and (2) that was previously foreclosed by circuit precedent. *See Reyes-Requena v. United States*, 243 F.3d 893, 904, 906 (5th Cir. 2001). As Quintero has not shown that his appeal has any arguable legal merit, we deny his motion to proceed IFP, and we dismiss the appeal as frivolous. *See Baugh*, 117 F.3d at 202 and n.24; 5TH CIR. R. 42.2. Quintero's motion for appointment of counsel is also denied.

COA DENIED AS UNNECESSARY; IFP DENIED; MOTION FOR APPOINTMENT OF COUNSEL DENIED; APPEAL DISMISSED.